IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

DAVE L. TAFT, JR.,

    Plaintiff,

v.

MARY BENSON, BETH MASSMON,
CINDY OLSON, AND MARYLIN
KRAGER,

    Defendants.

**No. 11-CV-04106-DEO**

**INITIAL REVIEW ORDER**

## I. INTRODUCTION AND BACKGROUND

This matter is before the Court on Dave L. Taft, Jr.'s (Plaintiff's) § 1983 suit, alleging Defendants' failure to provide medical treatment in violation of his Eighth Amendment right to be free from cruel and unusual punishment. Docket No. 1-1. Plaintiff has also filed an application to proceed in forma pauperis. Docket No. 1. Plaintiff is currently confined to the Civil Commitment Unit for Sex Offenders (CCUSO)[1] in Cherokee, Iowa. Plaintiff is a repeat filer who

---

[1] CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #410-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited January 30, 2012. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

currently has four separate § 1983 actions pending in the Northern District of Iowa. See 11-CV-4060-MWB, 11-CV-4112-DEO, and 12-CV-4002-DEO.

## II. IN FORMA PAUPERIS

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a). In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other Court costs.[2] In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements: (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Though Plaintiff's application fulfills each of these requirements, it was not in the form of an affidavit.

---

[2] Under the Prison Litigation Reform Act, a prisoner who qualifies for in forma pauperis status must still pay the full filing fee in increments. 28 U.S.C. § 1915(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h). CCUSO is not a prison facility and Plaintiff is not a prisoner, thus, 28 U.S.C. § 1915(b) does not apply.

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

Regardless, given that this Court has recently granted Mr. Taft in forma pauperis status in other matters and this Court's knowledge of his inability to pay the requisite filing fee, Plaintiff's **request to proceed in forma pauperis is granted.  The Clerk of Court shall file Plaintiff's Complaint forthwith.  No filing fee will be assessed**.

**III.  MERITS OF PLAINTIFFS ACTION**

Once any portion of the filing fee is waived, a court must dismiss the case if a plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2). **After initial review of Plaintiff's claim, this Court finds that Plaintiff has failed to state a claim upon which relief can be granted.**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Pro se complaints, no matter how "inartfully pleaded are held to less stringent standards than formal pleadings as drafted by a lawyer." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal citations omitted).

Although it is a long-standing maxim that a complaint's factual allegations are to be accepted as true at the early stages of a proceeding, this does not entail that a court must entertain any complaint no matter how implausible. The Supreme Court has ruled that the facts pled "must [still] be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). In other words, the claim to relief must be "plausible on its face." Id. at 570. A claim is only plausible if a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Where the complaint does "not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief." Id. at 1950 (citing Fed. Rule Civ. Proc. 8(a)(2)). In addition, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

In this case, Plaintiff's allegations, taken as true, simply do not amount to a constitutional violation. On January 11, 2010, Plaintiff alleges that he fell in the

shower, suffering a bruise and pain emanating from his rib cage when breathing. Docket No. 1-1, 3-8. Plaintiff also alleges that CCUSO staff provided him ibuprofen but refused to order X-rays at CCUSO's expense. Id. Though Plaintiff did not file this complaint until December 6, 2011, Plaintiff's last alleges pain on January 19, 2010, a mere 8 days after his fall. Id. Plaintiff does not claim there were any lasting effects from his fall.

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The primary purpose of the cruel and unusual punishment prohibition in the Eighth Amendment "was to proscribe 'torture(s)' and other 'barbar(ous)' methods of punishment. " Estelle v. Gamble, 429 U.S. 97, 102 (1976) (citation omitted). Implicit in the prohibition is a government "obligation to provide medical care for those whom it is punishing by

incarceration."[4]  Id.  However, "an inadvertent failure to provide adequate medical care" does not amount to cruel and unusual punishment.  Id. at 106.  "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."  Id.  Thus, an allegation of mere negligence is not enough to sustain an Eighth Amendment action; "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to <u>serious</u> medical needs."  Id. (emphasis added)

As previously noted, Plaintiff merely claims that he was in pain for 8 days, indicating his injuries were not sufficiently serious to invoke the Eighth Amendment, and CCUSO staff gave him appropriate treatment.  Furthermore, "the question of whether an X-ray" is necessary "is a classic example of a matter for medical judgment" subject to state tort law but which does not amount to a constitutional violation.  Id. at 107.  **Therefore, Plaintiff's complaint is dismissed with prejudice.**

---

[4] Though Plaintiff is not technically a prisoner, and this Court has opted not to apply the Prison Litigation Reform Act to CCUSO patients, prison case law, because Plaintiff is a ward of the state, is on point as to the merits.

**IT IS SO ORDERED** this 30th day of January, 2012.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa